**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 2, 2006[*]
Decided November 9, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-1108

| | |
|---|---|
| MICHAEL V. HENDRICKS,<br>  *Plaintiff-Appellant*,<br><br>  *v.*<br><br>JO ANNE B. BARNHART,<br>  *Defendant-Appellee*. | Appeal from the United States District Court for the Eastern District of Wisconsin<br><br>No. 04-C-1043<br><br>Lynn Adelman,<br>*Judge*. |

**O R D E R**

Michael Hendricks applied for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381a, claiming that his depression and behavioral problems prevent him from working.  The Social Security Administration denied his application initially and upon reconsideration, and an administrative law judge concluded, after multiple hearings, that Hendricks was not disabled.  Hendricks sought judicial review pursuant to 42 U.S.C. § 405(g), and, in a lengthy and thorough decision, the district court affirmed.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

On appeal Hendricks asserts without elaboration that the ALJ failed to resolve conflicting medical evidence. His cursory brief merely recites a few selective facts from the record and impermissibly does not include an argument section or citations to any legal authority. Consequently, the appeal warrants dismissal under Fed. R. App. P. 28(a)(9)(A). *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (even *pro se* litigants must comply with Rule 28(a)(9)). In any event, the ALJ's resolution of conflicting medical evidence is supported by substantial evidence, *see Schoenfeld v. Apfel*, 237 F.3d 788, 793 (7th Cir. 2001); *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997), and the ALJ built an accurate and logical bridge between the evidence and the result. *See Blakes v. Barnhart*, 331 F.3d 565, 568-69 (7th Cir. 2003); *Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000). In light of Hendricks's violation of Rule 28(a)(9)(A), this appeal is DISMISSED.